IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY ARCHER DITRICH, )
          Plaintiff, )
          v. ) Civil Action No. 18-189-E
NANCY A. BERRYHILL, )
*Deputy Commissioner of Operations,* )
*Social Security Administration*, )
          Defendant. )

# **O R D E R**

AND NOW, this 17th day of September, 2019, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 18) filed in the above-captioned matter on February 19, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on November 12, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence six of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, Jay Archer Ditrich, protectively filed a claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., on October 29, 2014, claiming that he became disabled on October 20, 2013, due to depression, diabetes, joint pain/arthritis, bone spurs, disc problems, and cataracts. (R. 590). Plaintiff's claim was denied initially on January 16, 2015. (R. 502). Plaintiff sought a hearing before an Administrative Law

1

Judge ("ALJ") on February 20, 2015. (R. 521). Plaintiff submitted, via fax, medical records from St. Vincent Hospital to the Office of Disability Adjudication and Review ("ODAR") on April 6, 2017. (Doc. No. 16, Ex. A). Upon review of the agency's file prior to the administrative hearing, Plaintiff saw that the records were not included therein, so he submitted them via fax again on April 10, 2017. (Doc. No. 16, Ex. B). Plaintiff also submitted via fax medical records from McClelland Family Practice to ODAR on March 7, 2017. (Doc. No. 16, Ex. C).

On April 12, 2017, a hearing was held before the ALJ. (R. 30-70). At the hearing, Plaintiff's counsel informed the ALJ that that he had recently sent certain records, and a somewhat confusing discussion ensued as to whether all the records, including those that had recently been faxed, were actually before the ALJ. (R. 33-35). Remarkably, the ALJ indicated at the hearing that Plaintiff's attorney was "not the first attorney today to tell me that something was remiss with the records. I don't know why that is. I will go back and talk to them about it because it can be confusing." (R. 35).

In a decision dated July 11, 2017, the ALJ denied Plaintiff's request for benefits. (R. 18-26). The ALJ's decision did not mention records from St. Vincent Hospital or McClelland Family Practice, and the records that Plaintiff had sent (and resent) to ODAR for consideration by the ALJ were not included in the List of Exhibits attached to the ALJ's decision. (R. 27-29).

On July 24, 2017, Plaintiff mailed a letter to the Appeals Council requesting review of the ALJ's decision, and attached yet another set of the previously faxed medical records. (Doc. No. 16, Ex. D; R. 552-60). Plaintiff states that a follow-up phone call confirmed that the records had been received. Nevertheless, on March 26, 2018, Plaintiff's counsel explains that he received a call from the Appeals Council explaining that the previously faxed medical records

2

could again not be found and asking that another copy be sent.  Plaintiff submitted another copy of the records at issue via fax that same day.  (Doc. No. 16, Ex. E).  The Appeals Council denied Plaintiff's request for review on June 12, 2018.  (R. 1-7).

Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.  The transcript initially submitted to the Court also did not include a complete copy of the medical records that Plaintiff had submitted and resubmitted several times.  Plaintiff states that, after several discussions with the government, Plaintiff again resubmitted the records to ODAR at the government's request in order to supplement the record before the Court.  The records at issue were eventually included for the Court's consideration in a supplemental transcript.  (Doc. No. 13, R. 1393-1766).

One of the forms of relief presently sought by Plaintiff is for the Court to remand the matter to the Commissioner for consideration of all the evidence submitted in this claim, including the medical records discussed above which, for some unknown reason, were submitted and re-submitted by Plaintiff but were never included by the agency in the ALJ's record.  The government has responded to Plaintiff's contention by asserting that remand based on evidence that was not before the ALJ is only appropriate if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ.  (Doc. No. 19, at 10 (citing Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001)).

Thus, the government appears to be treating the evidence that the agency erroneously omitted from the ALJ's record as "new" evidence, the submission of which would only lead to a remand if the specific requirements set forth in Matthews v. Apfel are met.  The Court emphasizes, however, that the rule regarding remand based on new evidence applies to evidence that a Plaintiff has not submitted to the ALJ.  Here, Plaintiff did properly submit the records at

3

issue to the ALJ—twice—but, perhaps due to technical errors or clerical mistakes on the part of the agency, such evidence was never entered into the record for the ALJ's consideration.[1] Further, Plaintiff's counsel brought the issue of the missing evidence to the ALJ's attention at the administrative hearing, but as explained, supra, the limited discussion between the ALJ and Plaintiff's attorney apparently did not clear up the matter since the missing records were not referred to by the ALJ in his decision, nor were they among his decision's exhibits.

The Court notes that, in submitting the medical records to the ALJ, Plaintiff complied with 20 C.F.R. § 416.1435, which states, "Each party must make every effort to ensure that the [ALJ] receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing."  Plaintiff faxed the records at issue to the ALJ in compliance with this rule, and then faxed them again when they did not appear in the agency's record.  Despite Plaintiff's efforts, however, the agency failed to enter the evidence into the record for the ALJ's consideration.

Although the government contends that the agency's failure to include the missing evidence in the ALJ's record is irrelevant because the Appeals Council eventually considered the evidence in its review process, the Court does not agree.  Rather, the Court finds that the piecemeal manner in which the evidence was considered by the agency was inadequate in this particular case.  The missing evidence at issue consisted of Plaintiff's medical records from the relevant time period, which were available for consideration by the ALJ because Plaintiff had provided them to the agency in accordance with the law.  See Dobrowolsky v. Califano, 606 F.2d

---

[1] As explained, supra, Plaintiff did also subsequently submit such evidence to the Appeals Council after the ALJ issued her decision.  Additionally, Plaintiff notes that his attorney sent an email to the government on October 19, 2018, specifically asking if the agency would "be willing to remand the case to the ALJ for consideration of these records?" but the government apparently denied this request.  (Doc. No. 20, at 3 n.2).

4

403, 407 (3d Cir. 1979) (holding that a reviewing court may remand a case where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on a disability claim).  The missing medical records should not have been considered solely by the Appeals Council in the context of review of the ALJ's decision.  Instead, the missing records should have been considered in the first place by the ALJ in her review of the record as a whole since they could have impacted the manner in which other evidence was viewed.  Remand is therefore necessary for a more comprehensive consideration of this evidence and its impact on the findings as a whole.  See Vorchak v. Colvin, No. 15-1317, 2016 WL 5407735, at *3 (W.D. Pa. Sept. 28, 2016).

     In short, upon consideration the ALJ's record, which did not contain all the evidence Plaintiff had properly submitted, the Court cannot determine whether the various findings by the Commissioner are supported by substantial evidence, and thus, the Court finds that substantial evidence does not support the Commissioner's decision in this case.  Accordingly, the Court finds that it is appropriate to remand the matter to the Commissioner under sentence six of Section 405(g) for reconsideration of the full record in light of the fact that the record before the ALJ was incomplete.  The Court takes no position as to the weight to be given to any of this evidence, and makes no finding as to whether the ALJ's present findings could still be supported by substantial evidence after taking this evidence into account.

                                  s/ Alan N. Bloch
                                  United States District Judge


ecf:          Counsel of record